**FILED**
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
By CKing at 11:41 am, Apr 08, 2009

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Brunswick Division

| | | |
|---|---|---|
| IN RE: NELLIE KAY IRWIN  )  <br>  )  <br>    Debtor  )  <br>_____) <br>  ) <br> NELLIE KAY IRWIN  ) <br>  ) <br>    Debtor/Movant  ) <br>  ) <br> vs.  ) <br>  ) <br> M. ELAINA MASSEY,  ) <br> Chapter 13 Trustee  ) <br>  ) <br>    Respondent  ) | | CHAPTER 13 CASE <br> NUMBER <u>09-20007</u> |

### ORDER

This matter is before me on two motions filed pro se by Nellie Kay Irwin, requesting first that Irwin's bankruptcy case be reopened and reinstated; and second, that the fee to reopen be waived. Both motions are denied because Irwin is not eligible to be a debtor under the Bankruptcy Code.

### BACKGROUND

On January 5, 2009, Irwin filed the chapter 13 case that she now seeks to reopen and reinstate. On January 30, the case

was dismissed before confirmation with prejudice because Irwin failed to file multiple necessary papers and to pay the required filing fee. After the dismissal and the subsequent closure of the case, Irwin paid the amount outstanding on the filing fee and in addition filed some, but not all, of the missing papers.

Among the papers Irwin did not file, either with her petition or after the dismissal, was a certificate of credit counseling certifying that Irwin had completed a pre-bankruptcy briefing on available credit counseling with a related budget analysis. What Irwin did file, on January 6, was a Certificate of Debtor Education certifying that she had completed an Internet-based course on personal financial management on January 5, the day she filed her case.

## DISCUSSION

Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, popularly known as BAPCPA, "an individual may not be a debtor" unless that individual has received a briefing on opportunities for credit counseling and help with a related budget analysis from an approved nonprofit budget and credit counseling agency during the 180 days preceding the filing of the bankruptcy case. 11 U.S.C. § 109(h)(1). As I have

previously ruled, compliance with § 109(h)(1) is thus a condition of eligibility to be an individual debtor under Title 11. In re Mikell, No. 08-60473 (Bankr. S.D. Ga. Oct. 9, 2008); In re Lyons, No. 08-50088 (Bankr. S.D. Ga. Sept. 4, 2008); Clay v. Baxter (In re Clay), No. 05-13977 (Bankr. S.D. Ga. Nov. 9, 2005). Further, the credit counseling required pre-petition under § 109(h)(1) is not interchangeable with the personal financial management course required post-petition under § 1328(g)(1) as a condition of discharge. Cf. In re Jones, No. 08-20314 (Bankr. S.D. Ga. Apr. 28, 2008) (holding that the credit counseling course required under § 109(h)(1) is not interchangeable with the financial management course required as a condition of discharge under § 727(a)(11)).

The court may grant a 30-day waiver of the credit counseling requirement if the debtor certifies that the debtor was unable to obtain the pre-petition counseling due to exigent circumstances; and that the debtor requested credit counseling, but was unable to obtain it within five days of the request. 11 U.S.C. § 109(h)(3)(A)-(B). The certification must

> (i) describe[] exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
> (ii) state[] that the debtor requested credit counseling services from an approved

> nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
>
> (iii) [be] satisfactory to the court.

11 U.S.C. § 109(h)(3)(A)(i)-(iii).

Here, it was Irwin's ostensible failure to file the correct certificate that was noted as a deficiency by the Clerk's office. Irwin failed to certify either that she received credit counseling during the 180 days before the filing of her petition, as required under § 109(h)(1), or that she merited a waiver of that requirement under § 109(h)(3)(i)-(iii). Instead, Irwin certified that she completed the post-petition requirement of a course in personal financial management.

The critical deficiency, however, was not Irwin's failure to file the correct certificate. The critical deficiency was Irwin's failure either to complete or attempt to complete a course in credit counseling. Further, because Irwin cannot turn back the clock to perform an act that she was required to perform before filing her petition, this critical deficiency cannot be cured. Consequently, no purpose would be served by reopening and reinstating Irwin's case. Irwin still would not be eligible to be a debtor, and the case would immediately be dismissed.

But even though her previous case cannot be revived, Irvin is not without a remedy under the Code. Irwin may start over with a new petition, after first meeting the requirements for eligibility under § 109(h); but this solution presents Irwin with a new set of problems, as shall presently be seen.

Under BAPCPA, if an individual who files a new case has had a previous case pending and dismissed within the previous one-year period, the automatic stay terminates on the 30th day after the filing of the new case unless a motion to extend the stay is filed and heard within that 30-day period. 11 U.S.C. § 362(c)(3)(A)-(B). The court may extend the stay only if the party who seeks this relief demonstrates that the new case was filed in good faith as to the creditors to be stayed. 11 U.S.C. § 362(c)(3)(B).

A presumption arises that a new case has been filed not in good faith when the previous case was dismissed "after the debtor failed to . . . file or amend the petition or other documents as required by this title or the court without substantial excuse." 11 U.S.C. § 362(c)(3)(C)(i)(II)(aa). This presumption may be rebutted, but clear and convincing evidence is required. 11 U.S.C. § 362(c)(3)(C).

Accordingly, for Irwin to invoke the same protection under the automatic stay that she received under her recently dismissed case, she must file not only a new petition, but also timely file a motion to extend stay. Further, because her earlier case was dismissed in part because Irwin failed to file necessary papers, Irwin must overcome the presumption that her new case is filed not in good faith by presenting clear and convincing evidence of a good faith filing.

**CONCLUSION**

Because Irwin did not comply with the pre-petition credit counseling requirements under § 109(h), Irwin was ineligible to be a debtor under the Bankruptcy Code when she filed the case that she now seeks to reopen and reinstate. Because this deficiency cannot be cured, reopening and reinstating the case would serve no purpose. Irwin may establish her present eligibility under § 109(h) and then file a new bankruptcy case, but she must in addition file a motion to extend stay if she seeks protection from her creditors for longer than the 30-day period post-filing.

**IT IS THEREFORE ORDERED** that the Motion to Vacate Order of Dismissal and Reinstate Chapter 13 Case and the Motion to Waive

Filing Fees for Motion to Vacate Dismissal and Reinstate Chapter 13 Case are both **DENIED**; and

**FURTHER ORDERED** that the dismissal order dated January 30, 2009, is lifted only as to the provision barring refiling within 180 days, so that Irwin may file a new bankruptcy case as soon as she establishes her eligibility under the Bankruptcy Code.

---
JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia, this 8 day of April, 2009.